UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL SCOTT CHAMBERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:23-cv-01583-JMS-KMB |
| GREGSTON New Castle Correctional Facility Officer, Mr., | ) ) ) ) |
| Defendant. | ) ) |

**Order Granting Motion to Reconsider, Dismissing Complaint,
and Providing Opportunity to Show Cause**

Plaintiff Michael Chambers is a prisoner currently incarcerated at New Castle Correctional Facility. He filed a civil rights complaint alleging that his constitutional rights were violated when a correctional officer lost or threw away his personal property. Because Mr. Chambers is incarcerated, this Court must screen his complaint before service on the defendants. In this Order, the Court addresses the assessment of an initial partial filing fee for this action, screens the complaint, and makes the following rulings.

I.   **Motion to Reconsider**

Mr. Chambers' motion to proceed *in forma pauperis* was granted, and he was assessed an initial partial filing fee of $3.62. Dkt. 6. Mr. Chambers filed a motion to reconsider, dkt. [7], in which he states he no longer has any funds on his account, is completely indigent, and has only $.07. Dkt. 7. The Court understands Mr. Chambers to state that that he no longer anticipates any income, so in light of his changed circumstances it finds that the motion should be **granted**. Accordingly, the assessment of the initial partial filing fee is waived. Although Mr. Chambers is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar

($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

The Court now proceeds to screening his complaint.

## II.     Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). For a complaint to survive dismissal it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## III. Dismissal of Complaint

Mr. Chambers names Officer Gregston as the sole defendant and seeks $75,000. Mr. Chambers alleges that when he was taken to segregated housing on September 19, 2022, Officer Gregston was tasked with collecting and inventorying Mr. Chambers' personal property from his cell. Mr. Gregston negligently lost or intentionally threw away all of Mr. Chambers' property which included legal paperwork, family pictures, and receipts for commissary and child

support payments. Mr. Chambers tried to receive a reimbursement for his lost property at the facility level, but no one wanted to look into the issue.

Applying the screening standard to Mr. Chambers' complaint, the complaint must be **dismissed for failure to state a claim upon which relief may be granted**. These facts are insufficient to allege a constitutional violation. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."); *see also Knick v. Twp. of Scott, Pennsylvania,* 139 S. Ct. 2162, 2174 (2019) ("It is not even possible for a State to provide pre-deprivation due process for the unauthorized act of a single employee." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981))).

Indiana's Tort Claims Act (Ind. Code § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Because Mr. Chambers has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation.

Accordingly, Mr. Chambers' complaint must be **dismissed**.

### IV. Opportunity to Show Cause

Mr. Chambers has through **November 2, 2023,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

### V. Conclusion

Mr. Chambers' motion to reconsider the Court's assessment of an initial partial filing fee, dkt. [7], is **granted**, and he may proceed *in forma pauperis* without payment of an initial partial filing fee. Mr. Chambers has through **November 2, 2023**, to show cause why this action should not be dismissed for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Date: 10/12/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL SCOTT CHAMBERS
115519
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362